UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW LAMAR PITTS,

     Plaintiff,

                                     Civil Action No. 25-13381
v.                                  Honorable Denise Page Hood

CREDIT ACCEPTANCE CORPORATION,

     Defendant.

_____/

**ORDER DENYING MOTION FOR TEMPORARY**
**RESTRAINING ORDER and for PRELIMINARY INJUNCTION**

**I.      BACKGROUND**

On October 23, 2025, Plaintiff Andrew Lamar Pitts, proceeding *pro se*,[1]

filed a Complaint against Defendant Credit Acceptance Corporation alleging three

counts:  Breach of Contract (Count I); Violation of the Truth in Lending Act (15

U.S.C. § 1601 et seq.); and Violation of the Fair Credit Reporting Act (15 U.S.C. §

1681s-2).  (ECF No. 1)  Pitts claims he entered into a Retail Installment Contract

for the purchase of a vehicle.  Credit Acceptance financed the purchased and

retained a security interest in the vehicle.  Pitts asserts that Credit Acceptance

---

[1]The U of D Mercy Law School Federal Pro Se Legal Assistance Clinic is available for free legal assistance to low-income pro se litigants.  *See,* www.mied.uscourts.gov, Representing Yourself tab, Court Related Assistance, for clinic hours and contact information.

improperly refused lawful prepayment, misapplied payments, or threatened repossession contrary to the terms of the contract and applicable federal law.  Pitts claims he suffered financial and emotional harm.  (ECF No. 1, PageID.2)  He seeks injunctive relief to prevent repossession or adverse credit reporting, damages, costs, interest and reasonable attorney's fees.  *Id.*

An Order Granting Application to Proceed Without Prepaying Fees or Costs and an Order Directing Plaintiff to Complete Service Documents and for Service of Process by the U.S. Marshal were entered.  (ECF Nos. 6, 7)  Credit Acceptance has yet to be served since Pitts has not submitted the required documents for the U.S. Marshal to serve Credit Acceptance.

This matter is before the Court on Pitts' Motion for Temporary Restraining Order and for Preliminary Injunction under Rule 65 of the Rules of Civil Procedure.  (ECF No. 5)  He cites allegations which were not asserted in his Complaint.  Pitts claims in his motion that on July 3, 2025, he entered into a Retail Installment Sales Contract with a third-party dealer for the purchase of a 2019 Chevrolet Equinox, which was assigned to Credit Acceptance.  (ECF No. 5, PageID.10)  The amount financed was $14,966.96.  On July 10, 2025, Pitts tendered full satisfaction of the debt with a prepayment check, a certified bank instrument, along with a Certificate of Acknowledgment and Assignment of Rights to Credit Acceptance.  *Id*.  Credit Acceptance responded in writing on July 18,

2025 acknowledging receipt, but refused to apply the tender, without justification or detailed accounting.  *Id.*  Pitts claims that under financial duress and threat of vehicle repossession, he made additional payments to avoid immediate loss of his only means of transportation, which he made involuntarily and under economic duress.  *Id*. at PageID.11.  Pitts further claims that despite having tendered full satisfaction, Credit Acceptance continues to bill for a satisfied debt, apply unlawful charges and interest, report Pitts as delinquent to credit bureaus, threaten repossession, and harass Pitts through collection calls and notices.  He claims that the vehicle is essential for his employment, medical care and daily responsibilities and that the loss of the vehicle would cause immediate and irreparable harm to his livelihood, health and safety.  *Id*.  Pitts seeks a Temporary Restraining Order and Preliminary Injunction to prevent unlawful repossession, halt derogatory credit reporting, enjoin further billing and collections, require a formal account, and preserve the status quo pending final adjudication.  *Id.* at PageID.11-.12.

## II.    ANALYSIS

### A.    Motion for Temporary Restraining Order

#### 1.    Irreparable Injury

As authority for its request for a temporary restraining order, Pitts cites Rule 65 of the Rules of Civil Procedure.  Rule 65(b) provides the Court with authority to issue  a temporary restraining order as follows:

        **(1)**    ***Issuing Without Notice***.  The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

        (A)   specific facts shown by affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; ***and***

        (B)   the movant's attorney certifies to the court in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(emphasis added).

Rule 65(b) is clear that the possibly drastic consequences of a restraining order mandate careful consideration by a trial court faced with such a request. 1966 Advisory Committee Note to 65(b). Before a court may issue a temporary restraining order, it should be assured that the movant has produced compelling evidence of irreparable and imminent injury, and that the movant has exhausted reasonable efforts to give the adverse party notice. *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Boddie v. Connecticut*, 401 U.S. 371 (1971); *Sniadach v. Family Finance Corp.*, 339 U.S. 337 91969); 11 Wright & Miller, Federal Practice and Procedure § 2951, at 504-06 (1973). Other factors such as the likelihood of success on the merits, the harm to the non-moving party and the public interest may also be considered. 11 Wright & Miller at § 2951, at 507-08; *Workman v. Bredesen,* 486 F.3d 896, 904-05 (6th Cir. 2007).

Addressing the irreparable injury requirement, it is well settled that a plaintiff's harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). However, an injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate. *Id.* at 511-512.

Plaintiff asserts that if his vehicle is repossessed, his livelihood and health would be irreparably harmed. The Supreme Court has noted that, "it seems clear that the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury." *Contech Casting, LLC v. ZF Steering Sys., LLC*, 931 F. Supp. 2d 809, 817 (E.D. Mich. 2013) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). "[I]njuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Id.* (quoting *Virginia Petroleum Jobbers Ass'n v. Fed. Power Comm'n,* 259 F.2d 921, 925 (D.C. Cir. 1958)). The moving party must show that irreparable harm is "both certain and immediate, rather than speculative or theoretical." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 154 (6th Cir.1991). *See also Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008) ("Issuing a preliminary injunction based only

on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."). In addition, a plaintiff must show he has exhausted other available avenues to address his financial issues. Contech, 931 F. Supp. 2d at   . Courts have noted the importance of upholding secured creditors' rights to repossess collateral. *See Plainfield Specialty Holdings II Inc. v. Children's Legal Services PLLC*, 634 F. Supp. 2d 833, 848 (E.D. Mich. 2009).

Here, Pitts has not made a clear showing that he would be irreparably harmed and is entitled to the extraordinary remedy of enjoining a possible repossession of his vehicle. The July 18, 2025 letter from Credit Acceptance attached to Pitts' motion shows that his concerns have been investigated and that it found no concerns with the contract. (ECF No. 5, PageID.26) The letter does not show that Pitts' vehicle is subject to repossession. Pitts has not submitted any evidence that Credit Acceptance has notified him that his vehicle will be imminently repossessed. Pitts did not submit any evidence or so alleged in his Complaint, that he has exhausted other avenues to address the financial issue with Credit Acceptance or any evidence that Credit Acceptance is sending him notifications of delinquency or that based on the delinquency, his vehicle would be repossessed. Pitts has not shown how Credited Acceptance violated any term of

the contract, other than his conclusory statement that his vehicle will be repossessed.

### 2.    Certification

As to the certified notice requirement under Rule 65(b), Pitts, although proceeding *pro se*, must still follow the court rules and submit a certification indicating the efforts he made to give notice to Credit Acceptance as to the filing of his Motion for Temporary Restraining Order and for Preliminary Injunction and the reasons why no notice should be given.  Pitts did not submit his efforts to reach out to Credit Acceptance's counsel as to this motion and did not provide any reason as to why no such notice should be given.

### B.    Preliminary Injunction

E.D. Mich. LR 65.1 provides that a request for preliminary injunction must be made by a separate motion.  Pitts may file a separate Motion for Preliminary Injunction under Fed. R. Civ. P. 65(a), which requires a notice to the opposing party.  Fed. R. Civ. P. 65(a).  As noted above, Credit Acceptance has yet to be served with the Complaint since Pitts has not submitted the necessary paperwork to the United States Marshal for service.  Pitts may refile his Motion for Preliminary Injunction after Credit Acceptance has been properly served.

## III.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff Andrew Lamar Pitts' Motion for Temporary Restraining Order is DENIED and for Preliminary Injunction is DENIED without prejudice **(ECF No. 5).**   Plaintiff may refile a separate Motion for Preliminary Injunction once Defendant Credit Acceptance Corporation has been properly served and Plaintiff is able to properly serve notice of the motion to Defendant.


                                                    s/Denise Page Hood
                                                    DENISE PAGE HOOD
                                                    United States District Judge

DATED:  November 12, 2025